UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

In the matter of:

 Aaron Richards,

  Plaintiff,

v.

Sturgis Public Schools and Sturgis Public
Schools Board of Education,

  Defendants.

CASE NO.

Hon:

Mark A. Cody (P42695)
Mitchell D. Sickon (P82407)
Michigan Protection and Advocacy Service, Inc.
Attorneys for Plaintiff
4095 Legacy Parkway, Suite 500
Lansing, MI 48911-4263
(517) 487-1755
mcody@mpas.org

Caroline Jackson (Admitted April 11, 2018)
Attorney for Plaintiff
National Association of the Deaf Law and Advocacy Center
8630 Fenton Street, Suite 820
Silver Spring, MD 20910
(301) 587-7466
caroline.jackson@nad.org

## **COMPLAINT**

### **INTRODUCTION**

1.  Plaintiff, Aaron Richards, by and through his undersigned counsel, brings this action for declaratory relief and attorneys' fees and costs pursuant to the Individuals with Disabilities

Education Act (IDEA), 20 U.S.C. § 1400 *et. seq.*, and the Michigan Mandatory Special Education Act (MMSEA), M.C.L. § 340.1701, *et seq.*

2. Plaintiff, a student with a disability, prevailed in a special education due process proceeding. Plaintiff now seeks a declaratory judgment of his status as prevailing party in the administrative proceeding and full reimbursement from the Defendants of reasonable attorneys' fees, costs, and interest accrued in successfully pursuing the claims as provided for by the IDEA, 20 U.S.C. § 1415(i)(3)(A).

3. Plaintiff's status as a prevailing party under the IDEA was established in the October 30, 2018 Decision and Order issued by the Administrative Law Judge (ALJ) appointed by the Michigan Department of Education. (*See* Exhibit A).

4. The Decision and Order substantially changed the legal position of the parties.

## JURISDICTION, VENUE, AND EXHAUSTION

5. This Court has jurisdiction over this action pursuant to 20 U.S.C. § 1415(i)(3)(A) and 20 U.S.C. § 1415(i)(2)(A).

6. This is a civil action over which this Court has original and exclusive jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

7. Declaratory and Injunctive relief are authorized by 28 U.S.C. § 2201.

8. Venue is appropriate in this district pursuant to 28 U.S.C. §1391(b), as the parties are located in Sturgis, Michigan and all events that are the subject of this Complaint took place within this district.

9. This action has been brought within 90 days of the Decision and Order pursuant to the IDEA and the Michigan Administrative Rules for Public School Education (MARSE). 28 U.S.C. § 1415(i)(2)(B), R 340.1724f(5).

10. Plaintiff has exhausted all administrative remedies available to him under IDEA as required by 20 U.S.C. § 1415(i)(2).

## THE PARTIES

11. Plaintiff, Aaron Richards ("Richards" or "Plaintiff"), is a 19-year-old student with a disability as defined by the IDEA, the MMSEA, and MARSE under the category of Hearing Impairment. At all relevant times, Plaintiff resided in the Sturgis Public Schools District.

12. Plaintiff attended Sturgis Public Schools from 2004 until the spring of 2016. Plaintiff transferred to the Michigan School for the Deaf in the fall of 2016 and graduated in June 2018. He was eligible for special education services from Sturgis for the entire period of his schooling, that is, from 2004 until 2018.

13. As a special education student, Plaintiff was entitled to receive a free, appropriate public education (FAPE) from the Defendants.

14. Defendants, Sturgis Public Schools and the Board of Education of Sturgis Public schools (collectively, "Sturgis"), are a public school district operating pursuant to the Michigan Revised School Code. M.C.L. § 380.1, *et seq*. Sturgis was Richards' home district and as such, was the local education agency (LEA) responsible for providing him with a FAPE and the procedural protections required under the IDEA.

## FACTS

15. On December 27, 2017, Plaintiff, through his attorneys, filed a due process complaint against Sturgis, alleging a failure to provide Plaintiff with a free, appropriate public education (FAPE) from 2004 until 2016 – the time period that he attended Sturgis Public Schools.

16. Specifically, Plaintiff was denied a FAPE because Sturgis failed to provide the special education and related services necessary for him to acquire a first language, resulting in his limited understanding of language and ability to use language for learning. Additionally, Sturgis never provided the special education and related services necessary for Plaintiff to access the instruction that occurred in the classrooms he was in.

17. Plaintiff began attending the Michigan School for the Deaf in the fall of 2016 and received a FAPE thereafter.

18. On January 9, 2018, the case was assigned to an administrative law judge (ALJ).

19. The Complaint alleged that Plaintiff was denied FAPE as a result of Defendants' procedural and substantive violations of the IDEA and the Michigan Administrative Rules for Special Education (MARSE) from 2004 until the end of the 2015-2016 school year.

20. An administrative due process hearing was held on August 20-23, 2018.

21. At the administrative due process hearing, the parties presented a total of eleven witnesses and seventy-two exhibits. The four-day hearing resulted in a four-volume transcript totaling 919 pages.

22. Both parties subsequently filed Post-Hearing Briefs.

23. As a remedy, Plaintiff requested that Sturgis pay for tuition, room, board, and transportation for him to attend SouthWest Collegiate Institute for the Deaf (SWCID) for the time it takes him to complete SWCID's remedial program.

24. The ALJ's Decision and Order held that Plaintiff, who carried the burden of persuasion, proved by a preponderance of the evidence that Defendants violated the IDEA and the MARSE by failing to provide Plaintiff with a FAPE during the time he attended Sturgis Public Schools.

25. The ALJ's Decision and Order further held that Plaintiff had timely filed within two years of when he "knew or should have known" the violation occurred, entitling Plaintiff to relief for the entire period of FAPE deprivation.

26. The Decision and Order provided Plaintiff with significant relief, including the following:

    a. Sturgis shall be responsible for payment of Petitioner's tuition at SWCID Developmental Education Program / Success Initiative until he completes the remedial program or for a maximum of three years.

    b. Sturgis shall be responsible for payment of Petitioner's room and board costs while attending SWCID Developmental Education Program for a maximum of three years.

    c. Sturgis shall be responsible for transportation for Petitioner from Sturgis, Michigan to Big Springs, Texas and back for each school year including winter and spring breaks for up to three years.

27. The ALJ determined that Plaintiff is the prevailing party.

## COUNT I

### PREVAILING PARTY CLAIM AND
### CLAIM FOR REIMBURSEMENT OF ATTORNEY FEES AND COSTS

28. Plaintiff realleges and reincorporates all previous paragraphs as though set forth herein.

29. Per the ALJ Decision and Order, Sturgis violated the IDEA and the MMSEA by failing to comply with the substantive requirements of the IDEA and the MMSEA by failing to provide Plaintiff with a FAPE.

30. Per the ALJ Decision and Order, Plaintiff was the prevailing party at the administrative hearing. Therefore, Plaintiff is entitled to reimbursement of reasonable attorney fees and costs. 20 U.S.C. § 1415(i)(3).

31. As of December 14, 2018, MPAS has provided 407.3 hours of legal services and costs totaling $89,037.91. (*See* Exhibits B and C).

32. As of December 12, 2018, the NAD has provided 362.5 hours of legal services and costs totaling $113,574.94. (*See* Exhibits D and E).

33. The attorney's fees, costs, and interest associated with this action continue to accumulate as this attorneys' fees action and the enforcement of the ALJ's Decision and Order proceed.

34. MPAS and NAD reserve the right to amend the total amount when all issues related to this action have been resolved with finality.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. Find that Plaintiff is the prevailing party pursuant to IDEA, 20 U.S.C. § 1415(i)(3)(B).

B. Enter a judgment against Defendants in the amount of $202,612.85 for reasonable attorney's fees and costs for past legal expenditures, and additional legal fees and costs associated with attorney fee recovery and enforcement of the ALJ's Decision and Order with interest until the judgment is satisfied.

C. Any further relief that the Court deems equitable and proper.

Respectfully submitted,

Dated: December 21, 2018

/s/ Mark Cody
Mark Cody (P42695)
Mitchell D. Sickon (P82407)
Michigan Protection and Advocacy Service, Inc.
4095 Legacy Parkway, Suite 500
Lansing, MI 48911
(517) 487-1755
mcody@mpas.org

Caroline Jackson (Admitted April 11, 2018)
National Association of the Deaf Law and Advocacy Center
8630 Fenton Street, Suite 820
Silver Spring, MD 20910
(301) 587-7466
caroline.jackson@nad.org

*Attorneys for Plaintiff*